IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

———————————————

David's Dozer V-LOC System Inc.,
and David Armas,

*Petitioners.*

———————————————

On Petition for Writ of Mandamus Appeal
from the United States District Court for the
Southern District of Florida
in Case No. 1:23-cv-24931-CMA, Judge Cecilia Altonaga

———————————————————————

PETITION OF DAVID'S DOZER V-LOC SYSTEM INC. AND
DAVID ARMAS FOR WRIT OF MANDAMUS
WITH APPENDIX

———————————————————————

A. Robert Weaver
Richard Guerra
Javier Sobrado
THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami, FL 33131
(305) 728-8831

*Counsel for Petitioners*

FORM 9. Certificate of Interest

Form 9 (p. 1)
March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | |
| **Short Case Caption** | IN RE DAVID'S DOZER V-LOC SYSTEM INC. |
| **Filing Party/Entity** | DAVID'S DOZER V-LOC SYSTEM INC. and DAVID ARMAS |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 06/26/2024

Signature:  /s/ A. Robert Weaver

Name:  Arthur Robert Weaver

**FORM 9. Certificate of Interest**                    Form 9 (p. 2)
                                                        March 2023

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☑ None/Not Applicable |
| David's Dozer V-LOC System Inc. | | |
| David Armas | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

FORM 9. Certificate of Interest

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| The Brickell IP Group PLLC | Arthur Robert Weaver | Richard Guerra |
| Javier Sobrado | Rafael Perez Pineiro | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below)   ☑ No   ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS .................................................................. ii

TABLE OF AUTHORITIES ........................................................ iv

TABLE OF ABBREVIATIONS .................................................... vii

STATEMENT OF RELATED CASES ........................................... 1

STATEMENT OF RELIEF SOUGHT ........................................... 1

ISSUES PRESENTED ................................................................... 1

    I.    Introduction .............................................................. 1

    II.    Facts Necessary to Understand the Issues Presented ........... 4

    III.    Reasons Why the Writ Should Issue ............................ 6

        A.    Legal Standard ................................................ 6

            1.    Writs of Mandamus ...................................... 6

            2.    Section 1404 Under Eleventh Circuit Law ........... 7

        B.    The District Court Erred in its Weighing of Several Factors Resulting in an Abuse of Discretion to Order the Action Transferred from the SDFL to the NDIA ............................ 8

            1.    The District Court Abused Its Discretion to Give Petitioners' Zero Deference to their Home Forum ........ 10

            2.    The District Court Erred in its Analysis of the Locus of Operative Facts .......................................... 13

            3.    The Relative Means of the Parties Are Not Neutral ........... 18

            4.    After Correcting for the Abuse of Discretion, the Section 1404 Factors Ultimately Weigh Against Transfer ........... 21

CONCLUSION ........................................................................ 24

CERTIFICATE OF SERVICE ...............................................................................25

CERTIFICATE OF COMPLIANCE.......................................................................26

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amerisure Ins. Co. v. Northbridge Indemnity Ins. Co.*,
   2014 WL 12516073 (S.D. Fla. Mar. 20, 2014) ................................................12

*Baker v. Major League Baseball Properties, Inc.*,
   2009 WL 1098482 (N.D. Fla. Apr. 22, 2009) ...................................................18

*Bartolon-Perez v. Island Granite & Stone, Inc.*.
   2014 WL 12513973 (S.D. Fla. Aug. 25, 2014) .................................................19

*Carucel Investments, L.P. v. Novatel Wireless, Inc.*.
   157 F. Supp. 3d 1219 (S.D. Fla. 2016) .......................................................20, 21

*CoachComm, LLC v. Westome Wireless, Inc.*.
   2023 WL 3218500 (M.D. Al. May 2, 2023).......................................................19

*Dwyer v. General Motors Corp.*
   853 F. Supp. 690 (S.D.N.Y. 1994) ........................................................18, 20, 21

*EasyWeb Innovations, LLC v. Facebook, Inc.*,
   888 F. Supp. 2d 342 (E.D.N.Y. 2012) ...............................................................17

*Fruitstone v. Spartan Race Inc.*,
   464 F. Supp. 3d 1268 (S.D. Fla. 2020)..............................................................23

*GolTV, Inc. v. Fox Sports Latin America Ltd.*,
   277 F. Supp. 3d 1301 (S.D. Fla. 2017)................................................................8

*Grayson v. K Mart Corp.*,
   79 F.3d 1086 (11th Cir. 1996) .............................................................................6

*Heiber Patent Licensing, Corp. v. Wazana Brother Int'l, Inc.*,
   2010 WL 11626581 (M.D. Fla. Mar. 5, 2020) ............................................11, 17

*Hisey v. Qualtek USA, LLC.*,
   753 Fed. Appx. 698 (11th Cir. 2018)...................................................................8

*In re Barnes & Nobles, Inc.*,
   743 F.3d 1381 (Fed. Cir. 2014) .........................................................................13

*In re Chamber of Commerce of the United States of America*,
    -- F.4th --, 2024 WL 3042100 (5th Cir. June 18, 2024) ....................................13

*In re Mayfonk Inc.*,
    554 Fed. Appx. 943 (Fed. Cir. 2014).............................................................7, 10

*In re Nintendo Co., Ltd.*,
    589 F.3d 1194 (Fed. Cir. 2009) ................................................................6

*In re Ricoh Corp.*
    870 F.2d 570 (11th Cir. 1989) ................................................................6

*In re Samsung Electronics Co., Ltd.*,
    2 F.4th 1371 (Fed. Cir. 2021) ................................................................4

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008) ..............................................................12

*LeMond Cycling v. Trek Bicycle Corp.*,
    2008 WL 2247084 (D. Minn. May 29, 2008) ....................................................19

*Malibu Boats, LLC v. Nautique Boat Company*,
    2014 WL 202379 (E.D. Tenn. Jan. 16, 2014) ..................................................17

*Manuel v. Convergys Corp.*,
    430 F.3d 1132 (11th Cir. 2005) ...............................................................7

*MindbaseHQ LLC v. Google LLC*,
    2021 WL 1923142 (S.D. Fla. May 13, 2021)...............................................20, 21

*Miracle v. N.Y.P. Holdings, Inc.*,
    87 F. Supp. 2d 1060 D. Haw. 2000) ......................................................20, 21

*Motorola Mobility v. Microsoft Corp.*,
    804 F Supp. 2d 1271 (S.D. Fla. 2011) ....................................................11, 16

*Norwood v. Kirkpatrick*,
    349 U.S. 29 (1955).............................................................................8

*RegenLab USA LLC v. Estar Techs. Ltd.*,
    2017 WL 3535008 (S.D.N.Y. Aug. 17, 2017)..................................................15

*Robinson v. Giarmacro & Bill, P.C.*,
    74 F.3d 253 (11th Cir. 1996) ............................................................7, 10

*SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*,
    382 F.3d 1097 (11th Cir. 2004) ...............................................................8

*Windmere Corp. v. Remington Prods., Inc.*,
    617 F. Supp. 8 (S.D. Fla. 1985) .............................................................12

**Statutes**

28 U.S.C. § 1404 ....................................................................................*passim*

# TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| '300 patent | U.S. Patent No. 10,533,300 (Appx453-462) |
| David's Dozer | Plaintiff-Petitioner David's Dozer V-Loc System Inc. |
| Armas | Plaintiff-Petitioner David Armas |
| Petitioners | David's Dozer and Armas, collectively |
| Deere | Defendant-Respondent Deere & Company |
| JDCFC | Defendant-Respondent John Deere Construction & Forestry Company |
| Deere Defendants | Deere and JDCFC, collectively |
| Dobbs | Defendant-Respondent Dobbs Equipment, LLC |
| Everglades | Defendant-Respondent Everglades Equipment Corporation |
| Respondents | Deere, JDCFC, Dobbs, and Everglades, collectively |
| Topcon | Nonparty Topcon Positioning Systems, Inc. |
| Ozark | Nonparty Ozark Laser and Shoring |
| SDFL | United States District Court for the Southern District of Florida |
| NDIA | United States District Court for the Northern District of Iowa |
| PTO | U.S. Patent and Trademark Office |

## STATEMENT OF RELATED CASES

The petition concerns an action alleging *inter alia* patent infringement of the
'300 patent: *David's Dozer V-Loc Systems Inc. et al. v. Deere & Company et al.*, No.
1:23-cv-24391-CMA (S.D. Fla.). The '300 patent has not been litigated in any other
action.

## STATEMENT OF RELIEF SOUGHT

Petitioners respectfully request the Court grant this petition for a writ of
mandamus, reverse the district court and vacate its Order granting Respondents'
Motion to Transfer to the NDIA. Appx1-20.

## ISSUES PRESENTED

Whether the district court erred in ordering this action transferred from the
SDFL, Petitioner's home forum, to the NDIA pursuant to 28 U.S.C. § 1404(a) under
Eleventh Circuit precedent.

## ARGUMENT

### I.     Introduction

Petitioner, David's Dozer, is a "mom and pop," three employee company
located in South Florida. David Dozer's founder, Armas, is also located in South
Florida. Respondents include Deere, one of the largest companies in the world, its
subsidiary JDCFC, and two of the Deere Defendants' authorized dealers located in
South Florida. Petitioners brought this action for infringement of the '300 patent,

false advertising in the alternative, and for relief to name Armas as an inventor on several of Deere's patents.

Respondents moved to transfer this action from the SDFL to the NDIA under 28 U.S.C. § 1404 where JDCFC is located. The district court granted Respondents' motion and ordered the action transferred. Petitioners respectfully submit that the district court's rationale for transferring the action was a clear abuse of discretion.

At the heart of the district court's error was its refusal to defer to Petitioners' choice to litigate in their home forum, which the Eleventh Circuit affords very strong deference. The district court believed it could not give deference to Petitioners' forum choice because the 'center of gravity' of patent infringement disputes lies where the defendant resides, and if the 'center of gravity' is outside the chosen district then the plaintiff's forum choice should be disregarded. If the district court's conclusion was true, then a plaintiff could *never* bring patent infringement claims in its home forum *unless* the defendant happened to also reside in the same forum. This runs counter to Eleventh Circuit precedent and must be corrected by this Court.

Even if the district court was right that the 'center of gravity' of patent infringement disputes diminishes a plaintiff's home forum choice, the district court also committed error in finding that the "locus of operative facts" in this action centered over the NDIA. This is not a run-of-the-mill patent infringement dispute. Petitioners have alleged that Deere first learned of Armas' novel technology through

2

Topcon, a nonparty in California, at trade shows held in Nevada and Oklahoma. This chain of events led to Deere applying for its own patents to which Armas should be an inventor. Additionally, the asserted '300 patent has method of use claims, drawing the focus or "locus" of the dispute towards the sites where infringement is occurring, namely with Dobbs and Everglades who are the Deere Defendants' authorized distributors directly competing with Petitioners in their South Florida backyard. Ultimately, the district court weighed the 'locus of operative facts' factor inaccurately and too heavily. This district court should have given deference to Petitioners' choice of their home forum.

The district court further abused its discretion by weighing the relative means of the parties as neutral simply because both Petitioners and Respondents are corporate entities. The district court's relied-upon authority offers no rationale for effectively disregarding this factor. The district court acknowledged the vast discrepancy between Respondents' means and Petitioners' resources, but it was error to weigh that discrepancy neutrally.

After correcting the district court's errors, it should have been clear that the plaintiff's choice of its home forum should not have been disturbed under Eleventh Circuit precedent. This Court's intervention is now necessary to correct the manifest injustice of requiring Petitioners to litigate this dispute away from their home as well

as to ensure future patent infringement disputes in the Eleventh Circuit are correctly adjudicated.

## II.   Facts Necessary to Understand the Issues Presented

The operative pleading is Petitioner's Second Amended Complaint.[1] Appx434-640. Petitioners have alleged that Respondents are infringing the claimed method of the '300 patent. Appx444-448. In the alternative, Petitioners have alleged that at least the Deere Defendants are liable for false advertising as it relates to certain statements that are contrary to Respondents' non-infringement positions. Appx448-449. Lastly, and of particular importance to this petition, is that Armas has alleged he should be named on certain Deere patents because Deere learned of the claimed technology through Petitioners and nonparty Topcon, located in California. Appx450.

The technology at issue concerns methods and machinery for earth grading. Armas has been in the earth grading business since the 1990s. Appx437. Armas founded co-Petitioner David's Dozer in 2012, and both Petitioners are, and have been for over a decade, South Florida residents. Appx261, Appx437-438. At a 2018

---

[1] Once an amended complaint is filed, the original complaint becomes "dead letters" and "no longer perform[s] any function in the case" including for purposes of analyzing venue. *In re Samsung Electronics Co., Ltd.*, 2 F.4th 1371, 1376 (Fed. Cir. 2021). For reference, a copy of Petitioner's original complaint, less the exhibits which are duplicative to the Second Amended Complaint, has been included in the enclosed Appendix. Appx643-657.

convention in Las Vegas, Armas first exhibited his "V-Loc System" with GPS technology from nonparty Topcon. *Id*. The innovation was well received, and Armas was invited by Topcon to participate in Topcon roadshows. Appx262, Appx438. Initially, Topcon and its authorized dealer, nonparty Ozark, asked Armas to install his V-Loc system on a Bobcat vehicle. *Id*. However, just before an August 2018 roadshow in Oklahoma, Armas discovered that Topcon and Ozark installed the V-Loc System on Deere machinery manufactured by JDCFC. *Id*. To properly install the V-Loc System on the JDCFC machinery, Armas had to utilize the method covered by the asserted '300 Patent. *Id*. Armas also knew that Topcon was collaborating with JDCFC to build and install "mastless" GPS systems on JDCFC machinery, so in an abundance of caution Armas filed a patent application that ultimately matured into the '300 Patent. *Id*. Armas' concerns came to fruition when Petitioners discovered that a few months after the August Roadshow, Deere had filed for patent protection to highly similar grading technology. Appx263, Appx439. Then, in 2020, JDCFC introduced the 333G SmartGrade Compact Track Loader ("333G") and John Deere SmartGrade six-way dozer blade attachment ("SG96"). Appx440-441. A prominent feature of the 333G is "Dozer Mode," which when activated with automated control practices the method of the '300 Patent. Appx443.

Respondents moved to transfer this action under 28 U.S.C. § 1404(a). Appx21-239.[2] Petitioners opposed the motion. Appx240-383. Briefing close dwith Respondents' reply brief in support of their motion. Appx384-433. The district court granted Respondents' motion and ordered the action transferred from the SDFL to the NDIA. Appx1-20. Petitioners now seek this Court's review of that order.

## III.    Reasons Why the Writ Should Issue

### A.    Legal Standard

#### 1.    Writs of Mandamus

"The writ of mandamus is available in extraordinary situations to correct a clear abuse of discretion of judicial power." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009). Because Section 1404 transfer motions do not involve substantive issues of patent law, this Court applies the law of the regional circuit in which the district court sits. *Id*. In this case that is the Eleventh Circuit, which has used mandamus to correct a district court's abuse of discretion in adjudicating Section 1404 transfer motions. *See In re Ricoh Corp.*, 870 F.2d 570 (11th Cir. 1989) (reversing denial of transfer motion on mandamus); *see also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1094 n.8 (11th Cir. 1996) ("Transfer orders are reviewable, however, via alternative routes such as by writ of mandamus.")

---

[2] At issue is a second Motion to Transfer filed by Respondents. A first motion was denied without prejudice because Petitioners amended their complaint and the district court ordered re-briefing. Appx660-663.

## 2.    Section 1404 Under Eleventh Circuit Law

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). After determining whether the action could have been pursued in the venue to which transfer is sought,[3] the Eleventh Circuit requires district courts to consider the following private and public interest factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted). In the Eleventh Circuit, "[t]he plaintiff's choice of forum should not be disturbed unless it is ***clearly outweighed*** by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (emphasis added); *In re Mayfonk, Inc.*, 554 Fed. Appx. 943 (Fed. Cir. 2014). A plaintiff's choice of forum is "at its strongest when the plaintiffs are citizens, residents, or corporations" of the

---

[3] Petitioners do not dispute the district court's finding that this action could have been brought in the NDIA. Appx5-6.

7

home forum.[4] *See SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1101 (11th Cir. 2004).

**B.    The District Court Erred in its Weighing of Several Factors Resulting in an Abuse of Discretion to Order the Action Transferred from the SDFL to the NDIA**

The district court weighed each of these factors and concluded that transfer was warranted because "only one non-dispositive factor weighs in favor of retention and several factors weigh in favor of transfer, particularly the convenience of witnesses, location of the evidence, and the locus of operative facts." Appx18. The only factor the district court weighed against transfer was trial efficiency and the interests of justice. Appx17-18.

The district court's analysis of three of these factors constituted an abuse of discretion. First, and most critically, is that Petitioners should have been afforded great deference to bring their claims in their home forum. They were given no deference for the sole reason that plaintiff's choice of forum is "entitled to less consideration" where "the operative facts underlying the cause of action did not

---

[4] *SME Racks* was decided under *forum non conveniens*, and Section 1404(a) codified "the relevant factors" of *forum non conveniens* law. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). The district court in this action previously recognized that a Section 1404 analysis "implicates essentially the same considerations and weighing of factors" as a dismissal motion under *forum non conveniens*. *GolTV, Inc. v. Fox Sports Latin America Ltd.*, 277 F. Supp. 3d 1301, 1323 (S.D. Fla. 2017); *see also Hisey v. Qualtek USA, LLC*, 753 Fed. Appx. 698 (11th Cir. 2018) (discussing procedural differences between dismissal under *forum non conveniens* and transfer under Section 1404).

occur within the forum chosen" Appx16-17. That is a misstatement of Eleventh Circuit law that this Court must correct, otherwise the Eleventh Circuit's command to give deference to a plaintiff's choice of home forum is eviscerated.

Second, even if the district court correctly stated that the "locus of operative facts" could negate the deference given to the plaintiff's choice of its home forum, the district court went a step too far in finding that the "locus of operative facts" in this case exclusively centered on the NDIA. The facts of this case are not run-of-the-mill infringement claims at least because: (1) Petitioners have *also* alleged that Deere, through a nonparty in California, learned of Petitioner Armas' invention at road-shows in Nevada and Oklahoma, leading to Petitioners claims to have Armas named on several Deere patents; and (2) the asserted claims of the '300 patent are method of use claims, which would shift the locus of operative facts away from where the at-issue machinery was designed and towards where, and how, the at-issue machinery is being used in the fields. When properly weighed, there are several "locus of operative facts" throughout the United States, not just the NDIA, which should have adjusted the district court's weighing of the location of evidence and nonparty witnesses. This factor should have been neutral or weighed against transfer. At minimum, the "locus of operative facts" should not have been the reason "Plaintiff's choice of forum is due little weight."

Finally, the district court found the "parties' relative means" to be neutral simply because David's Dozer is a corporate entity and Armas is its founder. Appx14-15. That should not matter. The focus of this factor should have been on the financial disparity between Petitioners and Respondents, which the district court acknowledged was enormous. It was an abuse of discretion not to weigh this factor against transfer as Respondents, particularly the Deere Defendants, are in a far greater position to accommodate any forum inconvenience than Petitioners.

Correcting the district court's abuse of discretion with respect to these factors would have entirely changed the district court's calculus in deciding Respondent's Section 1404 motion to transfer. Once this Court recognizes the district court's error, it should be clear that this action should not be transferred away from the Petitioners' home forum.

### 1. The District Court Abused Its Discretion to Give Petitioners' Zero Deference to their Home Forum

#### a. The SDFL is Petitioners' Home Forum, and the Eleventh Circuit Gives Great Deference to a Plaintiff's Decision to Litigate in its Home Forum

The Eleventh Circuit gives great deference to plaintiff's choice of forum, particularly "when the plaintiffs are citizens, residents, or corporations" of the home forum. *SME Racks,* 382 F.3d at 1101; *see also Robinson*, 74 F.3d at 260; *In re Mayfonk, Inc.*, 554 Fed. Appx. At 943. As one district court explained, if a plaintiff "resides in the district, [plaintiff] does business in this district, and the [asserted

patent] ha[s] been practiced in [] this District…As such, as required by Eleventh Circuit precedent, the Court gives [Plaintiff]'s choice of forum a great deal of weight." *Heiber Patent Licensing, Corp. v. Wazana Brother Int'l, Inc.*, 2010 WL 11626581, at *2 (M.D. Fla. Mar. 5, 2020).

The **vast majority** of district court case law applying Eleventh Circuit precedent will **not** transfer an action away from a plaintiff's choice of forum unless the plaintiff was either located outside the selected forum or the plaintiff's ties to the district were tenuous. *See* Petitioners Brief in Opposition, at 7 n.2, n.3 (collecting cases). Appx246-247.

Here, there is no dispute that the SDFL is Petitioners' home forum. David's Dozer's only office and employees are in South Florida. Appx261. Co-Petitioner Armas resides in South Florida. *Id*. The district court did not question these facts, nor that Petitioners home forum is the SDFL, in weighing this factor. Appx2, Appx16-17.

**b.     The "Center of Gravity" of the Action is Not Recognized by the Eleventh Circuit as a Reason to Disregard Plaintiff's Choice of Forum**

The district court cited to *Motorola Mobility v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1276 (S.D. Fla. 2011) for the proposition that "where the operative facts underlying the cause of action did not occur within the forum chosen by the plaintiff, the choice of forum is entitled to less consideration." Appx16. *Motorola Mobility*,

however, relies exclusively on non-appellate authority, namely *Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985), which in turn relies on district court decisions outside of the Eleventh Circuit.

This line of non-binding precedent blurs the "plaintiff's choice of forum" and the "locus of operative facts" factors, which are separate and district factors in the Eleventh Circuit. It was error for the district court to conflate these factors. It was also error to effectively elevate the "locus of operative facts" factor over the plaintiff's choice of its home forum. The Eleventh Circuit has not, and would not, weigh the "locus of operative facts" factor so heavily over the strong deference given to a plaintiff's choice of forum. Had the district court given proper weight to the plaintiff's choice of its home forum, it would have completely altered its calculus because "neutral factors will weigh against transfer due to the presumption in favor of a plaintiff's choice of venue." *Amerisure Ins. Co. v. Northbridge Indemnity Ins. Co.*, 13-cv-22124-JAL, 2014 WL 12516073, at *4 (S.D. Fla. Mar. 20, 2014).

### c.    Petitioners' Choice of Their Home Forum Will Also Distinguish Several Decisions From this Court

As a final note, the Eleventh Circuit's strong deference to a plaintiff's choice of home forum will distinguish the Court's decision in this case from several of this Court's prior Section 1404 decisions, which most frequently apply Fifth Circuit law. In the Eleventh Circuit, the plaintiff's choice of forum is a distinct Section 1404 factor, unlike the Fifth Circuit. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1320

12

(Fed. Cir. 2008) ("While the plaintiff's choice of venue is accorded deference, Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis."). Unlike the Eleventh Circuit, the Fifth Circuit only accords "some weight to the plaintiff's choice of forum." *In re Chamber of Commerce of the United States of America*, -- F.4th --, 2024 WL 3042100, at *3 (5th Cir. June 18, 2024).

This Court previously cautioned against relying on its past decisions applying Fifth Circuit law to venue challenges emanating from a regional circuit that, like the Eleventh Circuit, requires the 1404(a) factors "substantially outweigh" a plaintiff's choice of venue. *See In re Barnes & Noble, Inc.*, 743 F.3d 1381, 1383-84 (Fed. Cir. 2014) ("We note that the dissent relies on a series of cases in which the Federal Circuit reviewed venue transfer under Fifth Circuit law. Unlike the Sixth Circuit, however, the Fifth Circuit has expressly held that while the transferee venue must be "clearly more convenient," district courts err when they require that § 1404(a) factors "must *substantially outweigh* the plaintiff's choice of venue.") (internal citations omitted) (emphasis original).

In applying Eleventh Circuit law, this Court should find that the district court erred in not giving strong deference to the Petitioners' choice to bring its claims in its home forum.

### 2.    The District Court Erred in its Analysis of the Locus of Operative Facts

Even if it was proper for the district court to consider the "center of gravity" of the dispute as part of the "plaintiff's choice of forum" factor, the district court still committed error in how it analyzed the "locus of operative facts" factor. Appx11-13. The district court's error was two-fold. First, it disregarded numerous facts occurring around the country. Second, it disregarded the role played by the fact that the asserted claims are method of use claims.

> **a.**    **Armas' Claims to be Added as an Inventor on Deere Patents, as well as Petitioners' Actions in the SDFL, Were Not Properly Considered**

This is not a run-of-the-mill device patent infringement action. Petitioners have alleged that the Deere Defendants learned of Armas' novel V-Loc System through nonparty Topcon, located in California. Appx437-439, Appx450. The story begins at a 2018 convention in Las Vegas, where Armas first exhibited his "V-Loc System" with GPS technology from third-party Topcon. Appx261, Appx437-438. The innovation was well received, and Armas was invited by Topcon to participate in Topcon roadshows. Appx262, Appx438.  Initially, Topcon and its authorized dealer nonparty Ozark asked Armas to install his V-Loc system on a Bobcat vehicle. *Id*. However, just before an August 2018 roadshow in Oklahoma, Armas discovered that Topcon and Ozark installed the V-Loc System on Deere machinery manufactured by JDCFC. *Id*. To properly install the V-Loc System on the JDCFC machinery, Armas had to utilize the method covered by the asserted '300 patent. *Id*.

Armas also knew that Topcon was collaborating with JDCFC to build and install "mastless" GPS systems on JDCFC machinery, so in an abundance of caution Armas filed a patent application that ultimately matured into the '300 patent. *Id*. Armas' concerns came to fruition when Plaintiffs discovered that a few months after the August Roadshow, Deere had filed for patent protection to highly similar grading technology. Appx263, Appx439. Accordingly, one of Petitioners' claims is for Armas to be named an inventor on certain Deere patents. Appx450.

These facts form the backbone of Armas' claim, and were briefed for the district court, but none of these facts were considered in assessing the locus of operative facts. Appx242-243, Appx253-255. The district court ***only*** focused on the facts alleged in Iowa and Florida. Appx11-13. That was error.

### b. The Method of Use Claims Further Push the Operative Facts

The district court was also incorrect to disregard that the asserted claims are methods of use. Appx13. Method of use claims shift the focus towards the use of the accused products in the field. This is why Petitioners named two of the Deere Defendants' authorized distributors, Dobbs and Everglades, in the Second Amended Complaint. "Each of the parties could be found liable for different reasons, and the [Deere Defendants'] liability does not necessarily dictate that either [Dobbs] or [Everglades] will be found liable." *RegenLab USA LLC v. Estar Techs. Ltd.*, No. 16-cv-08771, 2017 WL 3535008, at *6 (S.D.N.Y. Aug. 17, 2017).

Notably, the Deere Defendants maintain a 115,000 square foot distribution center in South Florida, and Petitioners identified several employees in South Florida with likely knowledge of how the Deere Defendants are training and instructing its distributors and consumers to operate the at-issue machinery, *i.e.* how to infringe the '300 patent. *See* Appx249, Appx293-330. Again, there is no discussion of these facts in the district court's opinion.

The district court dismissed this significance as lacking "convincing authority." Appx13. This Court should agree with Petitioners that when method of use claims are at-issue, this nudges the locus of operative facts towards the site of infringing use. In this action, that is throughout the nation, but with a bit more emphasis in the SDFL the harm to Petitioners is greatest and where Dobbs and Everglades are located.

> ### c.     The District Court's Supporting Authority Makes It Impossible for Plaintiffs to Bring Suit in their Home Forum, Which is Irreconcilable with the Eleventh Circuit's Deference

Ultimately, the district court appeared handcuffed to *Motorola Mobility* and related non-appellate, district court decisions concluding that district courts "*often* find the center of gravity of the case to be where the accused product was designed and developed." Appx16 (*citing Motorola Mobility*, 804 F. Supp. 2d at 1276) (emphasis added). Petitioners argued that sometimes "the place where the patented invention was developed and the place where the allegedly infringing products are

developed are **both** loci of operative facts." *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 350 (E.D.N.Y. 2012) (emphasis added). Appx253-254. Petitioners also cited to *Malibu Boats, LLC v. Nautique Boat Company*, 2014 WL 202379, at *7 (E.D. Tenn. Jan. 16, 2014) ("the role of plaintiff's documents and other evidence related to the patents-in-suit may ultimately play as to the disposition of various issues that are likely to arise in this case, including validity of the patents-in-suit, damages related to infringement, and others"). The district court rejected this notion as an out-of-circuit, "more expansive view" of the locus of operative facts factor. Appx254.[5]

The district court's dismissal of this authority begs a natural question: if the center of gravity is **often** (but not always) where an allegedly infringing product is made and developed, when would a defendant's location **not** be the center of gravity? What factual scenario pushes the center of gravity away from the defendant's location? Such a scenario must exist, otherwise 'often' is really 'always." The implication is seismic because *if the district court was correct to discount a plaintiff's choice to litigate in its home forum because the locus of*

---

[5] Petitioners also cited one in-circuit case, *Heibert Patent*, that considered the plaintiff's location. Appx255. According to the district court, "[t]hat case is distinguishable, however, because there the defendant challenged the validity of the patents in issue." Appx12 (at n. 7). That distinction is erroneous because Respondents are in-fact challenging the validity of the '300 patent. *See* Appx664-665 (Respondents' notice of filing invalidity contentions).

*operative facts is always in the defendant's forum, then <u>the only logical conclusion</u>* <u>*is that plaintiffs choice of forum is effectively subsumed as a factor and a plaintiff*</u> <u>*can never bring patent infringement suits in their home forum unless the*</u> <u>*defendant happens to share that forum*</u>. Such a result is expressly contrary to binding Eleventh Circuit precedent, and should be rejected by this Court.

If any factual circumstances merited pushing the locus of operative facts away from the defendant's location, it is the factual circumstances alleged in this action heavily involving nonparties located throughout the nation as well as the assertion of method of use claims. It was error to weigh this factor in favor of transfer, yet alone so strongly that it eviscerated the Petitioners' choice to file their claims in their home forum.

### 3. The Relative Means of the Parties Are Not Neutral

A clear financial discrepancy between the parties is often an important factor in determining proper venue. *Baker v. Major League Baseball Properties, Inc.*, 2009 WL 1098482, at *3 (N.D. Fla. Apr. 22, 2009) (*citing Dwyer v. General Motors Corp.*, 853 F. Supp. 690, 694 (S.D.N.Y. 1994)).

The district court accepted the fact that Respondents, led by a Fortune 100 company, have far more resources than Petitioners, whose annual revenue last year was $900,000 and the year before $1.5 million. Appx264 ("David's Dozer is a 'mom and pop' company with only three employees litigating against a Fortune 100

company with 68,333.33 times greater revenue."). The district court disregarded this disparity because "courts do not give the parties' relative means great weight when…both parties are corporations." Appx14 (*citing CoachComm, LLC v. Westcome Wireless, Inc.*, No. 21-cv-743, 2023 WL 3218500, at *10 (M.D. Ala. May 2, 2023).

The disparity between two parties cannot be ignored simply because both are corporate entities. As another district court explained:

> Yet, Section 1404(a) provides for transfer to a more convenient forum, not one that is equally convenient (or inconvenient) to the forum originally selected. Simply put, transfer should not be granted if the effect is simply to shift the inconvenience from one part to the other. Moreover, although both parties are corporations, Trek is large – indeed, the United States' largest bicycle manufacturer, according to its website – while LeMond Cycling is a far smaller company that employs only three people.

*LeMond Cycling, Inc. v. Trek Bicycle Corp.*, No. 08-cv-1010 (RHK), 2008 WL 2247084, at *2 (D. Minn. May 29, 2008); *see also Bartolon-Perez v. Island Granite & Stone, Inc.*, No. 14-cv-21010-MGC, 2014 WL 12513973, at *3 (S.D. Fla. Aug. 25, 2014) (granting transfer from SDFL Miami division to Key West division because "Defendant has fewer than 5 employees and transporting them to Miami, should there be a trial, would require defendant to close shop for the day.").

There is no logic to casting aside the financial disparity simply because both parties are companies. The district court's supporting authority does not support such a sweeping notion. Appx14-15. The principal authority relied upon by the district

court was the unpublished decision *MindbaseHQ LLC v. Google LLC*, 20-cv-24742, 2021 WL 1923142 (S.D. Fla. May 13, 2021). In *MindbaseHQ*, that district court acknowledged that the defendant was "one of the largest publicly traded corporations ever to exist" while that plaintiff was "a small, two member company." *MindbaseHQ LLC*, at \*6. While the *MindbaseHQ LLC* court was "sympathetic" to the financial disparity between the parties, that court disregarded the disparity simply because "while [p]laintiff is not a large, publicly traded company, it is a corporate plaintiff, not an individual," citing its own prior decision in *Carucel Investments, L.P. v. Novatel Wireless, Inc.*, 157 F. Supp. 3d 1219, 1227 (S.D. Fla. 2016) as well as out of circuit-authority, *Miracle v. N.Y.P. Holdings, Inc.*, 87 F. Supp. 2d 1060, 1073 (D. Haw. 2000) and *Dwyer,* 853 F. Supp. at 693. In *Miracle*, the alleged daughter of Marilyn Monroe, a Hawaiian resident, was suing the New York Post for allegedly libelous comments, and that court dismissed the New York Posts' inconvenience arguments in-part because "The Post is a large corporation that could more easily travel to Hawaii to litigate than could Plaintiff travel to New York." *Miracle,* 87 F. Supp. 2d at 1073. Thus, *Miracle* only supports Petitioners because the Deere Defendants, not Petitioners, are the "large corporation." In *Dwyer*, a personal representative of the estates of two deceased family members brought products liability claims against General Motors, another large corporation. Like *Miracle*, the court in *Dwyer* dismissed General Motors' inconvenience arguments

because General Motors was "a large corporation which possesses considerably greater financial assets." *Dwyer*, 853 F. Supp. at 693-94.

Ultimately, this is an example of district courts developing legal precedent without appellate review. In 2016, the *Carucel* decision overstated the findings of *Dwyer* and *Miracle* that **all** corporate entities were forbidden from alleging a disparity of relative means, even though *Dwyer* and *Miracle* only considered **large** corporations like the New York Post and General Motors, not "mom and pop" businesses like Petitioner David's Dozer. From there, decisions like *Carucel* and *MindbaseHQ LLC* have become the law of the land in the SDFL because neither this Court nor the Eleventh Circuit have reviewed the error of these decisions. This Court's reversal is needed to correct this error manifesting in Section 1404 jurisprudence, and in doing so should find that the means disparity between Petitioners and Respondents should have weighed against transferring this action.

### 4.     After Correcting for the Abuse of Discretion, the Section 1404 Factors Ultimately Weigh Against Transfer

The district court weighed some of the remaining factors for transfer and some against transfer. Petitioners will address each briefly, as they either did not constitute an abuse of discretion, or at most require a slight recalibration in view of the abuse of discretion errors identified *supra*.

The first factor, *i.e.*, convenience of witnesses, was weighed "strongly in favor" of transfer because Respondents' employees "arguably offer the most

material testimony to Respondents' patent infringement and false advertising claims." Appx6-8. The district court commits the same error here as it did with the locus of operative facts factor by: a) completely disregarding the factual circumstances, and nonparty witnesses, particularly concerning Armas' claims that Deere learned of his to-be-patented invention leading to the filing of the Deere patents he seeks to be named as an inventor; and b) the weight afforded to co-defendants Everglades and Dobbs, located in South Florida, who will have key and necessary witnesses proving that the asserted method of use claims is occurring. Especially in view of Deere's status as a large corporation, this factor should not have "strongly favor[ed]" transfer. Appx8.

The second factor, *i.e.,* location of relevant documents, was weighed in favor of transfer because the Deere Defendants' construction machinery would be easier to transport from Iowa to Florida than within Iowa. Appx8-10. The district court completely disregarded that Petitioners purchased this machinery in South Florida to study, test, and confirm infringement of the '300 patent. Appx251-252, Appx263. If the action is transferred to the NDIA, Petitioners undoubtedly would need to transport that machinery to Iowa to present their investigational findings to the NDIA, a point that the district court ignored. Respondents, with a vast and well-established distribution network, are in a much better position to transport

construction machinery across the country than Petitioners. This factor should have been neutral.

The third factor, *i.e.*, convenience of the parties, was neutral because "litigation in Iowa would not be substantially more inconvenient for Plaintiffs than litigation in Florida would be for Defendants." Appx10-11. Based on that finding, this factor should have expressly weighed against transfer because "[w]here a transfer merely shifts the inconvenience from one party to another, plaintiff's choice of forum should remain." *Fruitstone v. Spartan Race Inc.*, 464 F. Supp. 3d 1268, 1281 (S.D. Fla. 2020).

The fifth factor, *i.e.*, ability to compel the attendance of unwilling witnesses, was neutral because neither party identified non-party witnesses unwilling to appear in either the NDIA or the SDFL. Appx13-14. That was a reasonable finding that Petitioners do not contest.

The seventh factor, *i.e.*, the forum's familiarity with governing law, was also neutral because this is a matter of federal law and the district court "will not find that another federal court is somehow less qualified to decide questions of federal law than are courts in this District." Appx15-16. That was also a reasonable finding that Petitioners do not contest.

Finally, the district court correctly weighed one factor in Petitioners' favor: the ninth factor, trial efficiency and the interests of justice. Appx17-18. This was

because the SDFL moved its cases to trial more quickly than the NDIA. There is no reason for this Court to disturb that finding.

Once corrected for the district court's abuse of discretion, this Court should find that Petitioners' choice to litigate in its home forum should not be disturbed, especially considering the relative means of the parties and the greater trial efficiency of the SDFL weighing strongly against transfer. The remaining factors are either neutral or weigh only slightly in favor of transfer, which is not the compelling circumstances necessary to strongly outweigh a plaintiff's choice to litigate in its home forum.

## CONCLUSION

Because the district court abused its discretion in analyzing several Section 1404 factors, this Court should reverse the district court and vacate its order to transfer this action from the SDFL to the NDIA.

Dated: 6/26/2024

/A. Robert Weaver/
Arthur Robert Weaver
Richard Guerra
Javier Sobrado
The Brickell IP Group, PLLC
1101 Brickell Avenue,
South Tower, Suite 800
Miami, FL 33131
(305) 728-8831 (telephone)
jsobrado@brickellip.com
rweaver@brickellip.com
rguerra@brickellip.com

*Counsel for Petitioners*

24

## CERTIFICATE OF SERVICE

I hereby certify that Petitioners electronically filed the foregoing **PETITION OF DAVID'S DOZER V-LOC SYSTEM INC. AND DAVID ARMAS FOR WRIT OF MANDAMUS** with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit, served a copy by certified mail onto the United States District Court of the Southern District of Florida, and served a copy by email onto counsel of record in the action listed in the below Service List on June 26, 2024.

Dated:  June 26, 2024                               */s/ A. Robert Weaver*
                                                            Arthur Robert Weaver

## Service List

**KIRKLAND & ELLIS LLP**                    **GRAYROBINSON, P.A.**
Gregg F. LoCascio, P.C.                         Jorge Espinosa
gregg.locascio@kirkland.com              jorge.espinosa@gray-robinson.com
Nathan S. Mammen                             Francesca Russo
nathan.mammen@kirkland.com         Francesca.russo@gray-robinson.com
Brandon H. Brown, P.C.
bhbrown@kirkland.com
Yimeng Dou
yimeng.dou@kirkland.com
Yungmoon Chang
yungmoon.chang@kirkland.com

*Attorneys for Respondents*

*In addition, one copy has been sent by express mail to the below party:*

The Honorable Cecilia M. Altonaga
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue
Room 13-3
Miami, Florida 33128

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), I hereby certify that the foregoing **PETITION OF DAVID'S DOZER V-LOC SYSTEM INC. AND DAVID ARMAS FOR WRIT OF MANDAMUS** complies with the relevant type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B). This brief is typed in Times New Roman (14-point) and contains 5,916 words according to the Microsoft Word 2013 system.

Dated: June 26, 2024                    By: */s/ A. Robert Weaver*
                                        Arthur Robert Weaver

                                        *Counsel for Petitioners*
                                        *David's Dozer and Armas*