**No. 24-135**
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
_____

*In re* David's Dozer V-LOC System Inc.,
and David Armas,

*Petitioners.*

_____

On Petition for Writ of Mandamus Appeal
from the United States District Court for the
Southern District of Florida
in Case No. 1:23-cv-24931-CMA, Judge Cecilia Altonaga
_____

REPLY BRIEF FOR PETITIONERS
_____

A. Robert Weaver
Richard Guerra
Javier Sobrado
THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami, FL 33131
(305) 728-8831

Dated: July 22, 2024                    *Counsel for Petitioners*

# PETITIONERS' CERTIFICATE OF INTEREST

*In re David's Dozer V-LOC System, Inc.*
Appeal No. 24-135

Pursuant to Fed. Cir. R. 47.4(a), counsel for Appellant certifies that:

1. The full name of every entity represented in the case by the counsel filing the certificate.

David's Dozer V-LOC System, Inc.; David Armas

2. For each entity, the name of every real party in interest, if that entity is not the real party interest.

None

3. For each entity, that entity's parent corporation(s) and every publicly held corporation that owns ten percent (10%) or more of its stocks.

None

4. The names of all law firms, partners, and associates that have not entered an appearance in the appeal, and
    a. appeared before the entity in the lower tribunal; or
    b. are expected to appear for the entity in this court.

Lamson Dugan & Murray, L.L.P.; Michael L. Storey, Esq.

5. Other than the originating case number(s), the title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.

U.S. District Court, Northern District of Iowa
Case No.: 24-cv-1023
Style: *David's Dozer V-LOC System, Inc. et al. v. Deere & Company et al.*

6. All information required by Federal Rule of Appellate Procedure 26.1(b) and (c) that identifies organizational victims in criminal cases and debtors and trustees in bankruptcy cases.

None

Dated: July 22, 2024          /A. Robert Weaver/
                                             Javier Sobrado
                                             Arthur Robert Weaver
                                             Richard Guerra
                                             The Brickell IP Group, PLLC
                                             1101 Brickell Avenue,
                                             South Tower, Suite 800
                                             Miami, FL 33131
                                             (305) 728-8831 (telephone)
                                             jsobrado@brickellip.com
                                             rweaver@brickellip.com
                                             rguerra@brickellip.com

                                             *Counsel for Petitioners*

## TABLE OF CONTENTS

                                                                                     **Page**

TABLE OF CONTENTS ................................................................................ iv

TABLE OF AUTHORITIES ............................................................................ v

TABLE OF ABBREVIATIONS ...................................................................... vi

    I.     Respondents Cite No Controlling Authority Rebutting the Strong Weight Afforded to a Plaintiff's Choice of its Home Forum .............. 1

    II.    Respondents Effectively Concede that Plaintiffs Are Foreclosed From Suing Defendants Outside the Defendant's Home Forum .................... 2

    III.   The Locus of Operative Facts Should Not Have Negated the Petitioners' Choice of Forum ............................................................ 4

    IV.   The Relative Means is so Disproportionate that it Cannot be Neutral ...................................................................................................... 5

CERTIFICATE OF SERVICE ........................................................................ 8

CERTIFICATE OF COMPLIANCE ............................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Heiber Patent Licensing, Corp. v. Wazana Brother Int'l, Inc.*,
   2010 WL 11626581 (M.D. Fla. Mar. 5, 2020) ...................................................... 1

*In re Chamber of Commerce of the United States of America*,
   105 F.4th 297 (5th Cir. 2024) ............................................................................ 3, 4, 6

*In re Mayfonk Inc.*,
   554 Fed. Appx. 943 (Fed. Cir. 2014) ................................................................... 2

*In re Ricoh Corp.*
   870 F.2d 570 (11th Cir. 1989) .............................................................................. 2

*Laitram Corp. v. Morehouse Industries, Inc.*,
   1994 WL 97819 (E.D. La. Mar. 21, 1994) .......................................................... 3

*Robinson v. Giarmacro & Bill, P.C.*,
   74 F.3d 253 (11th Cir. 1996) ................................................................................ 1

*SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*,
   382 F.3d 1097 (11th Cir. 2004) ........................................................................ 1, 2

*Trace-Wilco, Inc. v. Symantec Corp.*,
   2009 WL 455432 (S.D. Fla. Feb. 23, 2009) ........................................................ 3

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
| --- | --- |
| '300 patent | U.S. Patent No. 10,533,300 (Appx453-462) |
| David's Dozer | Plaintiff-Petitioner David's Dozer V-Loc System Inc. |
| Armas | Plaintiff-Petitioner David Armas |
| Petitioners | David's Dozer and Armas, collectively |
| Deere | Defendant-Respondent Deere & Company |
| JDCFC | Defendant-Respondent John Deere Construction & Forestry Company |
| Deere Defendants | Deere and JDCFC, collectively |
| Dobbs | Defendant-Respondent Dobbs Equipment, LLC |
| Everglades | Defendant-Respondent Everglades Equipment Corporation |
| Respondents | Deere, JDCFC, Dobbs, and Everglades, collectively |
| Topcon | Nonparty Topcon Positioning Systems, Inc. |
| Ozark | Nonparty Ozark Laser and Shoring |
| SDFL | United States District Court for the Southern District of Florida |
| NDIA | United States District Court for the Northern District of Iowa |
| PTO | U.S. Patent and Trademark Office |

I.  **Respondents Cite No Controlling Authority Rebutting the Strong Weight Afforded to a Plaintiff's Choice of its Home Forum**

Respondents agree, as they must, that in the Eleventh Circuit a plaintiff's choice of a forum should not be disturbed unless that choice is clearly outweighed by other considerations. *Robinson v. Giarmacro & Bill, P.C.,* 74 3d. 253, 260 (11th Cir. 1996). The disagreement lies in what strength the Eleventh Circuit places on a plaintiff's choice to litigate in its ***home*** forum as well as what circumstances constitute "other considerations" that could clearly outweigh the plaintiff's choice.

Respondents offer no contrary, controlling authority to the Eleventh Circuit's clear instruction that a plaintiff's choice of forum is "at its strongest when the plaintiffs are citizens, residents, or corporations" of the home forum. *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1101 (11th Cir. 2004). Respondents also fail to rebut one district court's explanation that if a plaintiff "resides in the district, [plaintiff] does business in this district, and the [asserted patent] ha[s] been practiced in [] this District…as required by Eleventh Circuit precedent, the Court gives [plaintiff]'s choice of forum a great deal of weight." *Heiber Patent Licensing, Corp. v. Wazana Brother Int'l, Inc.*, 2010 WL 11626581, at *2 (M.D. Fla. Mar. 5, 2020).

This is not to say that a plaintiff's choice of its home forum is "virtually unassailable," as characterized by Respondents. Resp., 14. One notable and critical circumstance that overrides a plaintiff's choice of its home forum is the existence of

a forum selection clause. Indeed, the Eleventh Circuit previously granted a writ of mandamus and concluded that a district court abused its discretion to not enforce a forum selection clause even though the plaintiff filed in its home forum. *In re Ricoh Corp.*, 870 F.2d 570, 572 (11th Cir. 1989). Such was also the case in *In re Mayfonk, Inc.*, 554 Fed. Appx. 943 (Fed. Cir. 2014), which Respondents cite heavily in their response. Resp., 13-14. Respondents disregard that "Mayfonk had previously entered into an agreement with Nike that contained a forum selection clause designating Oregon as the chosen forum for dispute resolution." *In re Mayfonk*, at 943. Forum selection clauses undoubtedly negate a plaintiff's choice of its home forum, but that is inapplicable to this case.

Respondents remaining authority constitutes district court case law that Petitioners warned in their opening brief amounts to a "line of non-binding precedent [that] blurs the line between the plaintiff's choice of forum and the locus of operative facts factors, which are separate and distinct factors in the Eleventh Circuit." Pet., 12. Ultimately, the query for this Court is whether the district court abused its discretion in its application of Eleventh Circuit law. It did. It was error for the district court to neglect that the Eleventh Circuit affords the strongest weight to a plaintiff's choice of forum when it is the plaintiff's home forum. *SME Racks,* 382 F.3d at 1101.

II. **Respondents Effectively Concede that Plaintiffs Are Foreclosed From Suing Defendants Outside the Defendant's Home Forum**

2

The district court disregarded the Petitioners' choice of their home forum because the locus of operative facts allegedly, exclusively fell over Iowa. Petitioners warned in their opening brief that this logic forecloses a plaintiff from ever bringing patent infringement lawsuits in their home forum ***unless*** the defendant happens to also reside there. Pet., 16-18. Respondents minimally dispute this consequence, arguing that a district court might come to a different conclusion "where product development efforts and key witnesses are spread across several states." Resp., 15-16. Respondents offer no authority where a court, within or outside the Eleventh Circuit, came to this conclusion most likely because such circumstances would be extremely rare and limited to very large, corporate defendants that have multiple innovation centers. The Eleventh Circuit has never and would never fashion a rule that effectively neuters a plaintiff's choice to litigate in its home forum absent these unlikely set of circumstances.

District court decisions in the SDFL relied upon by Respondents are perpetuating the errant conclusion that "district courts may disregard plaintiff's choice of forum in cases involving claims of patent infringement." *Trace-Wilco, Inc. v. Symantec Corp.*, 2009 WL 455432, at *3 (S.D. Fla. Feb. 23, 2009) (*citing Laitram Corp. v. Morehouse Industries, Inc.*, 1994 WL 97819, at *4 (E.D. La. Mar. 21, 1994). Perhaps that conclusion is appropriate in the Fifth Circuit or other jurisdictions that only accord "some weight to the plaintiff's choice of forum." *In re Chamber of*

3

*Commerce of the United States of America*, 105 F.4th 297, 301 (5th Cir. 2024). In the Eleventh Circuit, disregarding a plaintiff's choice of forum in patent infringement lawsuits is error and district courts in the Eleventh Circuit will continue this line of reasoning in patent infringement disputes absent this Court's correction.

### III. The Locus of Operative Facts Should Not Have Negated the Petitioners' Choice of Forum

The district court principally erred in overriding Petitioners' choice of their home forum based on the locus of operative facts. Put another way, this is not merely "[t]hat Petitioners view the facts differently." Resp., 19. The error is that the district court applied an entirely inaccurate framework in adjudicating Respondents' transfer motion. That error was amplified considering that this case has multiple "loci" throughout the nation. While it is true that the district court acknowledged the existence of *some* of these facts, the district court improperly weighed them as overriding the deference that should have been given to Petitioners' choice of their home forum.

Respondents, and the district court, offer no logical reason to discount other district court decisions cited by Petitioners that consider factual circumstances other than where the allegedly infringing products were developed. Resp., 19-20. Again, the framework offered by the district court and advocated for by Respondents is one where a plaintiff could never bring a patent infringement suit in its home forum unless it was also where a defendant's innovation efforts occurred, which almost

4

always will be a defendant's principal place of business in its home forum. Because the facts of this case do not squarely place the locus of operative facts over Iowa, this case is an ideal candidate to correct this errant district court caselaw considering that most of the decisions relied upon by Respondents merely considered where the parties were located. This dispute involves additional claims for false advertising and for equitable relief to name Mr. Armas an inventor on certain Deere patents based on conduct occurring around the country. Moreover, the asserted claims are method claims, which will push the locus away from the place of design and towards the on-site locations around the country where infringement is occurring.

Ultimately, the district court's error was finding that "[t]he research leading to the invention took place in Iowa; all the inventors of the Deere Patents live in Iowa; and the product marketing manager who Plaintiffs repeatedly reference in their pleading lives in Iowa" was sufficient to "outweigh Plaintiffs' choice to litigate at home." Appx17.

## IV. The Relative Means is so Disproportionate that it Cannot be Neutral

Respondents offer no authority, from any circuit, that supports such a large revenue disparity between the parties as weighing neutrally ***aside from*** errant district court orders that discount one parties' means for no reason other than it was a corporate entity. Resp., 24-27. As explained in Petitioners' opening brief, such a

5

conclusion is not only unsound, but is the result of a string of district court decisions misapplying underlying, non-appellate case law. Pet., 20-21.

Respondents argue that correcting district court error "is not a legitimate reason for mandamus review." Resp., 27. That is simply inaccurate. The Fifth Circuit recently articulated the role of writs of mandamus in reviewing Section 1404 transfer motions:

> "Writs of mandamus are supervisory in nature and are particularly appropriate when the issues also have an importance beyond the immediate case. This is a case where the issues implicate not only these parties' interests, but the interests of all parties who litigate against government defendants located in D.C. and seek to have their cases heard by judges and juries outside the nation's capital. ***Granting mandamus is also appropriate when we "clarify to this district court and others" how to engage in the § 1404(a) transfer analysis***."

*In re Chamber of Commerce of United States of America*, 105 F.4th at 312 (emphasis added) (citations omitted).

The district courts in the SDFL need this clarification, and issuing Petitioners' requested writ is appropriate and necessary to ensure future patent infringement litigants in Eleventh Circuit courts properly engage in the Section 1404 transfer analysis.

Dated: 7/22/2024   /s/ A. Robert Weaver
Arthur Robert Weaver
Richard Guerra
Javier Sobrado
The Brickell IP Group, PLLC
1101 Brickell Avenue,
South Tower, Suite 800

6

                                          Miami, FL 33131
                                          (305) 728-8831 (telephone)
                                          jsobrado@brickellip.com
                                          rweaver@brickellip.com
                                          rguerra@brickellip.com

*Counsel for Petitioners*

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2024 Petitioners electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit using the CM/ECF system, which will then send a notification of such filing to the registered participants identified to receive electronic service.

| | |
|---|---|
| Dated: July 22, 2024 | By: */s/ A. Robert Weaver*<br>Arthur Robert Weaver<br><br>*Counsel for Petitioners* |

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), I hereby certify that the foregoing complies with the relevant type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B).  This brief is typed in Times New Roman (14-point) and contains 1,432 words according to the Microsoft Word 2013 system.

Dated:  July 22, 2024                     By: */s/ A. Robert Weaver*
                                              Arthur Robert Weaver

                                              *Counsel for Petitioners*